IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY OLSON,

                Plaintiff,

v.                                                 OPINION and ORDER

J. DINSE, M. EITING,                   22-cv-673-jdp
DYLON RADTKE, and KEVIN CARR,

                Defendants.

---

Pro se plaintiff and prisoner Jeffrey Olson has filed a complaint in which he challenges the constitutionality of an alleged prison rule that "requires inmates [to] submit legal filings to the [prison] administration for review and possible censorship before a disbursement from the inmate's account will be made to pay a filing a fee." Dkt. 1, at 2. He contends that prison staff are violating his constitutional right to access the courts.

The case is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A, which requires to court dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening a pro se litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Olson must allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Olson's complaint doesn't state a claim. He says that prison staff are requiring him to submit his filings for approval before disbursing his court filing fees. But he bases that allegation on a letter from defendant J. Dinse, who works in the prison business office. *See* Dkt. 1-1, at 3.

In the letter, Dinse does not say that the prison must approve or review any of his court filings before disbursing court fees. Rather, Dinse says that the business office needs "a copy of the *court document* that states you have a partial filing fee owed." *Id.* (emphasis added). Dinse explains that the reason is that "[w]e need to verify that the inmate does have a filing fee that is due and what the amount is." *Id.* Dinse did not ask to censor or review Olson's filings as a condition of disbursing funds; rather, Dinse wanted confirmation that about the existence and amount of the filing fee.

When a document attached to the complaint contradicts the allegations in the complaint, the attachment trumps the allegations. *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 638 (7th Cir. 2004). The attachment shows that prison staff are not censoring Olson's court filings, so there is no factual basis for his claim.

Olson doesn't contend that it violates his right to access the courts for prison staff to require him to send a court document showing what he owes before disbursing funds from his prison account. But even if that were his claim, it would fail. Restrictions on a prisoner's right to access the courts are valid if they are reasonably related to legitimate penological interests. *Lewis v. Casey*, 518 U.S. 343, 361 (1996). In this case, the rule at issue is reasonable for the reason that Dinse identified in her letter: the court document confirms that the prisoner owes a filing fee in the amount of the requested disbursement. This helps to prevent mistakes or misuse of funds. And it is a minimal burden on prisoners that doesn't require them to disclose any information that is even arguably private.

Under 28 U.S.C. § 1915(g), a prisoner may not bring an action or appeal a judgment without prepaying the filing fee if on three or more occasions an action or appeal filed by that prisoner "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Courts refer to these dismissals as "strikes." I am dismissing this case for failure to state a claim, so I will direct the clerk of court to record a "strike" under § 1915(g). If Olson receives three "strikes," he will not be able to proceed in forma pauperis in future cases unless he is imminent danger of serious physical injury.

## ORDER

IT IS ORDERED that:

1. Jeffrey Olson's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment and close this case.

3. The clerk of court shall record a "strike" under 28 U.S.C. § 1915(g).

Entered March 3, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge